## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

EUGENE THOMAS, III                                                                         PETITIONER
ADC #149889

V.                                        NO. 5:14cv00450-JM-JTR

WENDY KELLEY, Director,
Arkansas Department of Correction                                          RESPONDENT

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I.       Background

Pending before the Court is a *pro se* § 2254 Petition for a Writ of Habeas Corpus, along with a supporting Brief, filed by Petitioner, Eugene Thomas, III ("Thomas"), a prisoner in the Arkansas Department of Correction. *Doc. 2 & 3*. Respondent has filed a Response to the Petition, *Doc. 9,* and Thomas has filed a

1

Reply, *Doc. 11*.  Thus, the issues are fully joined and ripe for resolution.

Before addressing the merits of this habeas action, the Court will review the relevant procedural history of Thomas's underlying state court conviction.

In April 2011, a jury in Ashley County, Arkansas convicted Thomas of aggravated robbery and commercial burglary, and sentenced him to twenty years. *Doc. 9-2 at 61-62*.

Thomas appealed his conviction to the Arkansas Court of Appeals where he argued, through counsel,[1] that the trial court erred by:  (1) refusing to give a jury instruction on the lesser-included offense of attempt to commit aggravated robbery; (2) admitting evidence during sentencing of his participation in a prior robbery; and (3) denying his motion for mistrial based on the prosecutor's remark during closing argument.

On September 12, 2012, the Arkansas Court of Appeals affirmed both convictions.   *Thomas v. State*, 2012 Ark. App. 466, 422 S.W.3d 217, 218 ("*Thomas I*").

On November 30, 2012, Thomas filed a *pro se* petition for post-conviction relief under Ark. R. Crim. P. 37.  Thomas raised numerous ineffective assistance of counsel claims arising from his attorney's actions and inactions at trial and on

---

[1] Thomas was represented by the same appointed counsel, Joseph Mazzanti, at trial and on direct appeal. *Doc. 2 at 15*.

direct appeal.  These claims included his attorney:  (1)  failing to formulate a trial strategy;  (2)  failing to adequately voir dire the jury;  (3) making statements during opening and closing that stripped Thomas of the presumption of innocence in violation of his 5th Amendment rights;  (4) failing to present arguments, on appeal, which adequately explained how the trial court had erred in refusing to grant a mistrial due to the prosecutor's statements during closing argument;  (5)  failing to obtain a jury instruction on the "corpus delicti rule";  (6)  failing to appeal the trial court's denial of him motion for directed verdict based on the State's failure to prove his intent to commit theft, an essential element of aggravated robbery;  and (7) failing to argue, during closing argument, that the State had failed to prove Thomas's intent.  *Rule 37 Tr. at 15-24.*[2]

On March 13, 2013, the Chicot County Circuit Court entered an Order denying Rule 37 relief.  *Rule 37 Tr. at 26-31*.  In this Order, the trial court noted that:

> The evidence of guilty [sic] in this case is overwhelming.  Not only did petitioner give a full confession to the police but there were two witnesses who testified to his action and activities while in the store.

*Id. at 30.*

---

[2] The Record from Thomas's direct appeal and Rule 37 Petition comprises four volumes. *Doc. 15*.  The Rule 37 proceeding comprises one volume and will be referred to as "*Rule 37 Tr. at ___.*"  The other three volumes contain the record of his state court conviction and will be referred to as "*Trial Tr. at __.*"

Thomas appealed the denial of Rule 37 relief to the Arkansas Supreme Court, which affirmed.  *Thomas v. State*, Ark. Sup. Ct. No. CR-13-842 (June 19, 2014) (per curiam) (*Doc. 9-9*) ("*Thomas II*").[3]

In his habeas Petition, Thomas makes the following claims:  (1) the evidence at trial was insufficient to support his convictions;[4]  (2) his appointed counsel was ineffective, at trial and on appeal, regarding the criminal intent and the "corpus delicti rule";[5]  (3)  his appointed counsel was ineffective for conceding his guilt at trial and for a lack of strategy;[6] (4) the prosecution committed misconduct during the sentencing phase and his appointed counsel was ineffective in appealing this issue;[7] and (5) other cumulative errors denied him his Sixth Amendment right to a fair and impartial trial.[8]  *Doc. 2*.

Respondent argues that Thomas's ineffective assistance claims, which were

---

[3] This was the Arkansas Supreme Court's Substituted Opinion on Denial of Rehearing, entered after Thomas alleged an error of fact because the court had mistakenly stated that he entered a guilty plea in its initial opinion.  *See Doc. 9-6* (initial per curiam filed on May 8, 2014).

[4] This claim is asserted in Ground 2 of Thomas's Petition.  *Doc. 2 at 5*.

[5] These claims are asserted in Grounds 1, 3, 4, 5, of Thomas's Petition.  *Doc. 2 at 5, 7, 8*.

[6] These claims are asserted in Grounds 6, 7 and 10 of Thomas's Petition.  *Doc. 2 at 9, 14*.

[7] These claims are asserted in Ground 8 and 9 of Thomas's Petition.  *Doc. 2 at 12, 13*.

[8] This assertion is made in his supporting brief.  *Doc. 3 at 26-27* (asking the Court to consider whether the enumerated errors resulted in cumulative error).

resolved adversely to him in state court, fail on the merits and that his insufficiency of the evidence claim is procedurally defaulted.  *Doc. 9.*

For the reasons discussed below, this Court recommends that Thomas's habeas Petition be denied, and the case dismissed, with prejudice.

## II.    Analysis of Thomas's Habeas Claims[9]

### A.    Insufficiency of Evidence Claim

Thomas argues that the evidence was insufficient to support his convictions for aggravated robbery and commercial burglary.[10]  *See e.g., Doc. 2 at 5-7*; *Doc. 3*

---

[9]  The standard of review this Court must apply to Thomas' habeas claims is an onerous one.  A federal court will not grant habeas relief unless a state court's decision "was contrary to, or involved an unreasonable application of, clearly established federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(1)- (2).   A state court decision is "contrary to" clearly established federal law if it reaches a conclusion opposite that of the United States Supreme Court on a question of law, or reaches a decision contrary to the United States Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of federal law when it identifies the correct legal rule, but unreasonably applies it to the facts.   *Id.* at 407. "A state court's application of clearly established federal law must be objectively unreasonable, not merely incorrect, to warrant the granting of a writ of habeas corpus." *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011).

Finally, the state court's findings of fact are presumptively correct, and the habeas petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Stenhouse v. Hobbs*, 631 F.3d 888, 891 (8th Cir. 2011) (*quoting* 28 U.S.C. § 2254(e)(1)).

[10]  While this argument does not relate specifically to Thomas's commercial burglary charge, Thomas contends that he was only eligible for this second charge based on the underlying aggravated robbery charge.  As a result, he contends that the alleged insufficiency of the evidence supporting the aggravated robbery charges spilled over to taint his conviction for commercial burglary. The theory of this argument is contrary to Arkansas law.  Thomas's intent to commit *any felony* would supply the criminal intent necessary for the burglary conviction.  *See* Ark. Code Ann. § 5-39-201(b) (commercial burglary is committed if a person "enters or remains unlawfully in a commercial occupiable structure of another with the purpose of committing

*at 11-23*; *Doc. 11 at 1*2.   As part of this argument, Thomas also contends that his attorney was ineffective for failing to appeal the trial court's denial of the directed verdict motions, based on the insufficiency of the evidence proving his "intent to commit theft," one of the statutory requirements of the offense of aggravated robbery.  *See* Ark. Code Ann. §§ 5-12-103 and 5-12-102.  *See Meadows v. State*, 2012 Ark. 57, at 5, 386 S.W.3d 470, 474 ("we treat a motion for directed verdict as a challenge to the sufficiency of the evidence").

Claims challenging the sufficiency of the trial evidence "face a high bar in federal habeas proceedings." *Coleman v. Johnson,* 132 S.Ct. 2060, 2062 (2012). "[I]t is the responsibility of the jury - not the [reviewing] court - to decide what conclusions should be drawn from evidence admitted at trial." *Id.*  Evidence is sufficient to support a conviction whenever, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 2064 (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)).  Circumstantial evidence is "just as probative as any other type of evidence." *Garrison v. Burt,* 637 F.3d

---

therein any offense punishable by imprisonment.")

Thus, even if Thomas had not been charged with aggravated robbery, the facts would have supported him being charged and convicted of commercial burglary.  Furthermore, as will be explained later, as a matter of law there is no basis for setting aside the aggravated robbery conviction.  Accordingly, the Court need not address any further Thomas's derivative argument that there was also insufficient evidence to support his commercial burglary conviction.

849, 855 (8th Cir.2011); *see Holland v. United States,* 348 U.S. 121, 140 (1954)

(circumstantial evidence is "intrinsically no different from testimonial evidence,"

and "[i]f the jury is convinced beyond a reasonable doubt, we can require no

more").

Although the Arkansas Supreme Court refused to address the sufficiency of

the evidence in rejecting Thomas's Rule 37 petition, it is clear the claim fails on

the merits because the evidence at trial was constitutionally sufficient to support

the jury's finding of guilt. The Arkansas Supreme Court summarized the facts of

the case as follows:

> At trial, Whitney Bridges and Nicky Waltman, employees of a
> Dollar General Store, testified that a man, wearing a black-and-white
> shirt and a red hat, came into the store shortly before closing time and
> walked to the back of the store toward a storeroom that was closed to
> the public.  A second man was seated in a van outside.  Waltman
> testified that she and Bridges walked through the  store before locking
> the door but did not see the man.  Bridges testified that after the door
> was locked, the man appeared from the back of the store with a black
> bandana over his face and a silver-and-black gun in his hand.  The
> man and Bridges ran toward the front of the store where both fell
> down while Waltman unlocked the door and fled.  The man pointed
> the gun at Bridges, and Bridges testified that he shouted at Waltman
> to stop.  Waltman, who testified that the man yelled for her to stop or
> he would shoot, continued to run and called 911.  After Waltman ran
> away, the man left the store, and Waltman heard the screech of tires as
> the van drove away.  There was video surveillance equipment in
> operation at the store that recorded the incident, and a tape taken from
> those cameras was shown to the jury.

> A police officer testified that, in the course of the investigation
> into the crime, he came upon a van that matched the description of the

one seen at the store.  Appellant [Thomas] was in the van with his brother, Dewayne Spearman.  A search of Spearman's house in Mississippi produced a red hat, a black bandana, and a silver-and-black gun.  A black-and-white shirt was seized in a search of appellant's mother's house.  When informed of the items seized in the searches, appellant admitted in a recorded interview with police that it was his idea to rob the store and that he was the man who went inside with the gun while Spearman remained in the van.  Appellant said in the interview that he became nervous and left without taking anything from the store.

It was appellant's defense that he made a mistake but admitted it promptly when apprehended, showed remorse for the crimes, willingly returned to Arkansas from Mississippi when arrested, and that the State did not prove all the elements of the offenses for which he was charged.  After the State rested its case, counsel was allowed to question appellant out of the hearing of the jury and on the record as to whether he was in agreement with the strategy to demonstrate that his conduct did not constitute commercial burglary or aggravated robbery and whether he wished to testify in the guilt phase.  Appellant said at the time that he did not agree with the State's position that he had aimed the gun at the woman lying on the floor with intent to use force but that he did not wish to testify.  Counsel asked for a directed verdict as to both charges for failure to prove the elements of the offenses and also requested a jury instruction on the lesser-included offense of attempted aggravated robbery.

*Thomas II, supra at 4-6.*

Such a sufficiency of the evidence challenge can only be considered in a federal habeas action if it rises to the level of violating the defendant's due process rights under the Fourteenth Amendment.  The legal standard for analyzing such a due process claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979).   After carefully reviewing the record, this Court concludes that a rational jury could have found Thomas guilty of the charged offenses, especially since he confessed to police that:  (1) "it was his idea to rob the store"; and (2) he entered the store with a gun.  Trial T. at 164-166.  Given those admissions, it is difficult to fathom how any rational jury could _not_ have found Thomas guilty.

Because he ultimately left the store, without actually taking any money or merchandise, Thomas argues that he cannot be deemed to have possessed the "intent to commit theft."  This argument is misguided and finds no support in the law.  After entering the store armed with a gun, Thomas may have changed his mind about following through with the crime or simply panicked and left the store without taking anything.  These facts might be relevant at the sentencing stage but they in no way mitigate his "intent to commit theft," as proven by his admission to police that, when he entered the store with a gun, he planned to rob it.

Finally, as explained more fully below, Thomas's challenge to the sufficiency of the evidence is nothing more than a challenge to Arkansas's interpretation of the criminal intent requirement for aggravated robbery and the corpus delicti doctrine.  Thomas may not transform a state law issue into a federal due process issue simply by asserting the evidence was constitutionally insufficient

to support his conviction.  *See*, *e.g. Curtis v. Montgomery*, 552 F.3d 578, 581-582 (7th Cir. 2009) (rejecting petitioner's argument that evidence was insufficient to sustain his conviction for aggravated stalking because petitioner was "really taking issue with the state court's interpretation of state law" which was an impermissible attempt "to use a petition for writ of habeas corpus to press his preferred interpretation of Illinois law.")   The role of federal habeas courts is narrowly limited "to [a] review [of] state criminal proceedings for compliance with federal constitutional mandates." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403 (2001).  *See also Ford v. Norris*, 364 F.3d 916, 919 (8th Cir. 2004) ("As the supreme judicial authority of the state, [the Arkansas Supreme Court] decides what state law is, an issue which cannot itself be reviewed in a federal habeas proceeding.").

Thomas's challenge to the sufficiency of the evidence supporting his convictions for aggravated robbery and commercial burglary fail on the merits. Accordingly, the Court need not address Respondent's argument that Thomas procedurally defaulted his sufficiency of the evidence claim.  *See, e.g., Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (explaining that "[j]udicial economy might counsel" bypassing a procedural-default question if the merits "were easily resolvable against the habeas petitioner"); *Trussell v. Bowersox,* 447 F3d 588 (8th

10

Cir. 2006) (addressing merits, bypassing limitations and procedural default analysis, in the interest of judicial economy).

## B.      Ineffective Assistance of Counsel Claims

In Thomas's Rule 37 appeal, the Arkansas Supreme Court properly applied the ineffective-assistance standard established by the Court in *Strickland v. Washington*, 466 U.S. 668 (1984)[11] and concluded that Thomas failed to present any evidence that his counsel was ineffective either at trial or on appeal. *Thomas II, supra at 2-3.*

Because some of Thomas's ineffective assistance of counsel claims overlap, the Court has organized and analyzed those overlapping claims together.

### 1.      Ineffective Assistance Claims Related to Intent and Corpus Delicti Rule[12]

Thomas contends that his counsel was ineffective at trial and on direct appeal for failing to argue that the State failed to prove that he had the requisite intent to commit aggravated robbery. *Doc. 3 at 6.* Thomas also contends that his counsel was ineffective at trial and on direct appeal for failing to argue that the

---

[11] Under *Strickland*, to prevail on a claim of ineffective assistance of counsel, Thomas must show that counsel's representation fell below an objective standard of reasonableness, and that, but for counsel's errors, the result of the trial would have been different.

[12] These claims are asserted in Grounds 1, 3, 4 and 5 of Thomas's Petition. *Doc. 2.*
Although the essential elements of "intent" and the "corpus delicti rule' are independent issues, Thomas erroneously discusses them together at times as if they were one concept. *See, e.g.*, *doc. 3* at 6 (stating that the intent requirement is "also called the 'Corpus Delicti Rule.'").

State failed to corroborate Thomas's confession with other evidence proving that he had the requisite criminal intent. As a matter of law, both of these arguments are without merit.

Arkansas Code Ann. § 5-12-203 provides that a person commits aggravated robbery if:

[He] commits robbery as defined in § 5-12-102, and the person:

(1) Is armed with a deadly weapon;
(2) Represents by word or conduct that he or she is armed with a deadly weapon; or
(3) Inflicts or attempts to inflict death or serious injury upon another person."

Under Ark. Code Ann. § 5-12-102(a), a person commits "robbery" if, "with the purpose of committing a felony or misdemeanor theft . . ., the person employs or threatens to immediately employ physical force upon another person." "Purposely" is defined as acting with the "conscious object to engage in the conduct." *See* Ark.Code Ann. § 5-2-202(1). Therefore, to convict Thomas of aggravated robbery, the State had to prove that: (1) it was his "conscious object" to commit a felony theft, *i.e.*, he acted "purposefully" by "threaten[ing] to immediately employ physical force upon another person" during the commission of a robbery; and (2) he was armed with a "deadly weapon," a gun, when he entered the store. Thomas admitted to police that his conscious plan was to rob the

store when he entered it with a gun in his hand.  The facts contained in this admission squarely satisfy *all* of the essential statutory elements of the crime of aggravated robbery.  While Thomas suggests that he may have "changed his mind" about going forward with the crime, this in no way negated his criminal intent. *See Ragland v. State*, 71 Ark. 65, 70 S.W. 1039 (1902) (burglary charge sustained by evidence of breaking and entry with intent to commit the specific felony charged even though defendant was frightened off before carrying out his intent).

Thomas also contends that his counsel was ineffective for failing to argue the lack of any corroborating evidence to support his out-of-court confession. *Doc. 3 at pp. 7-8, 10-11.*  In support of this argument, Thomas cites what is sometimes referred to as the "corpus delicti rule," which is codified in Ark. Code Ann. § 16-89-111(d).  The language in that statute provides that a defendant's out-of-court confession, standing alone support, is not sufficient to support a conviction unless it is:  "(1)  Accompanied with other proof that the offense was committed;  or (2) Supported by substantial independent evidence that would tend to establish the trustworthiness of the confession."  *Id*.  In construing that statute, however, the Arkansas Supreme Court has made it clear that corroboration of a confession does *not* require the State to connect the defendant to the criminal act through independent evidence; rather, the State need only show that the offense occurred." *Meadows v. State*, 2012 Ark. 57 at 7, 386 S.W.3d 470, 475-76.

13

Thomas appears to be under the mistaken impression that Arkansas law required the State to produce independent evidence to corroborate his confession. Consistent with the Court's holding in *Meadows*, the State in this case produced ample evidence, independent of his confession, that he committed the charged offense.

Disregarding Thomas's pre-trial confession, the State introduced substantial that he: (1) snuck into the Crossett Dollar General store with a gun; (2) hid in the back of the store; (3) waited until the store was closed; and (4) emerged with his gun drawn and a bandana covering his face, and confronted two store employees. Thus, the jury was entitled to conclude, even without Thomas's pre-trial confession, that the charged crimes occurred and that Thomas was the person who committed them.

Even if Thomas's trial and appellate counsel had made all of the arguments Thomas now advances, based on his alleged lack of criminal intent and the corpus delicti rule, those arguments would have failed as a matter of law. Accordingly, those ineffective assistance of counsel arguments are without legal merit and provide no basis for habeas relief.

## 2.    Ineffective Assistance of Counsel Related to Alleged Concession of Thomas's Guilt and Lack of Trial Strategy[13]

Thomas complains that, starting with his attorney's opening argument, he conceded that Thomas was guilty of "a crime."  As a result, he contends that his attorney's "trial strategy" was to admit Thomas's guilt and "plea for mercy," something that Thomas believes rises to the level of " a constructive denial of counsel." *Doc. 2 at 11-12*.

During opening statement, Thomas's attorney laid out the following defense strategy:

> Now, I'm not going to stand before you here today and tell you that my client is completely innocent, that he didn't do anything wrong, and that you should find him not guilty.
> The fact is, my client made mistakes, particularly in this case. And I think you'll see in the evidence presented here today that almost from the very beginning when he was arrested my client admitted that he did wrong.  I think you'll hear testimony about the remorse that he showed when he was talking to the police officer . . . how cooperative he was . . .
> . . .
>
> Now, having said all that, whether he's actually guilty of what he's charged with, that's going to be for you to determine.  That's your role.  I want you to remember that the burden of proof rests with the prosecution.   . . . And that means each and every element of the crime.

*Tr. T. at 124-15*.  In essence, this defense strategy asked the jury to consider

---

[13] These claims are asserted as Grounds 6, 7 and 10 of Thomas's Petition.  *Doc. 3*.

convicting Thomas of lesser included offenses, rather than "what he's charged with" – commercial burglary and aggravated robbery.   Given how few facts Thomas's attorney had to work with, this would seem to be the only viable defense strategy available to Thomas.

In Thomas's Rule 37 appeal, the Arkansas Supreme Court considered and rejected this ineffective assistance of counsel argument:

> . . .   Moreover, considering the totality of the evidence, including the witnesses' testimony, the video tape, the items seized in the searches, and appellant's statement to the police, it cannot be said that counsel failed to formulate any kind of strategy to counter the overwhelming evidence of appellant's participation in the offenses.  It is clear from the record lodged on direct appeal that counsel made a concerted effort to establish that appellant was not guilty of commercial burglary and aggravated robbery but of a lesser offense.

*Doc. 9 at 9.*

Thomas's counsel faced a formidable task at trial.   Apart from Thomas's own post-arrest confession, the two employees who were in the store testified that that, when they saw Thomas, they fled, with Thomas in hot pursuit holding a gun. *Trial Tr. at 132-133, 139-140, 142*.   After the State rested and the jury was excused, Thomas's attorney discussed with him, on the record, his trial strategy and whether Thomas disagreed with it:

> [Defense counsel]: Eugene [Thomas], the State has rested.  It's now our chance to put on evidence.  We don't have any other witnesses than you.

16

. . .

Now, in my argument in my opening statement and what I've tried to argue is that, and our strategy here today, is to try to convince the jury that while you may be guilty of a crime, we're asking them to impose not the maximum sentence, but something less.  That would be an argument to be made in the sentencing phase of the trial.

Knowing that, I'm not sure if it would serve any purpose for you to testify at this point in the trial.  And therefore, when the jury is called in it's my intent to announce to the Court that the defense rests.

Having heard all that, is there anything that you disagree with or do you insist on testifying in the guilt phase or are you wanting to follow my advice?

[no response]

[Defense counsel]:  I mean is there anything you would want to testify to that was brought out in the testimony so far that you just completely disagree with?

[Thomas]:   Well, the video in fact where he said I had aimed a weapon to the lady that down in the floor with the intent to try to use force, I disagree with that.

[Defense counsel]:   Yeah.  Well, you understand that's an argument that I made and I've made a record here.

[Thomas]:    Okay.

[Defense counsel]:   The jury can see for themselves whether or not you aimed the weapon, and I will certainly make mention of that in my closing argument.

[Thomas]:    Okay.

[Defense counsel:]  But again, in the end the decision is yours and I have to know for the record whether or not you want to testify.

[Thomas]:    We'll leave it at that.

17

*Trial Tr. at 190-192*.  This colloquy between Thomas and his trial counsel makes it clear that Thomas was aware of his attorney's trial strategy and that he appeared to endorse it.

In rejecting this ineffective assistance of counsel argument in Thomas's Rule 37 appeal, the Arkansas Supreme Court made a reasonable application of *Strickland*.  Accordingly, Thomas's attempt to reassert that ineffective assistance of counsel claim as a basis for federal habeas relief is without merit and should be denied.  *Holder v. United States*, 721 F.3d 979, 989 (8th Cir. 2013) (where evidence of petitioner's involvement in the robbery was overwhelming, his attorney's "decision to concede the physical elements of second-degree murder and to argue that his client lacked the mens rea necessary for a capital-murder conviction was not constitutionally deficient"); *Lingar v. Bowersox*, 176 F.3d 453, 458-59 (8th Cir. 1999) (applying *Strickland* in denying habeas relief because "the decision to concede guilt of the lesser charge of second-degree murder was a reasonable tactical retreat rather than a complete surrender").

### 3.   Alleged Prosecutorial Misconduct and Related Ineffective Assistance of Counsel Claim

Thomas argues that his conviction was tainted by prosecutorial misconduct during the sentencing phase of his trial and that his counsel was ineffective for

failing to obtain relief based on this alleged misconduct.  According to Thomas, the prosecutor in his rebuttal closing argument, made during the *sentencing phase* of his trial, engaged in the following misconduct: (1) he referred to Thomas's failure to testify, violating his Fifth Amendment rights;  and (2) he misrepresented to the jury that Thomas had committed another aggravated robbery, which was only a "pending charge" at that time of his trial in Ashley County.  *Doc. 2 at 13*.

### (a)   Prosecutor's comment on Thomas's failure to testify

During his rebuttal argument, in the *sentencing phase* of Thomas's trial, the prosecutor made the following remarks, in direct response to earlier arguments asserted by Thomas's attorney:

> I find it interesting that [Thomas's counsel] could get up here and say that a person who has committed two aggravated robberies whether he was the driver in one or not, deserves the minimum. I find it interesting that you say, well, he cooperated, therefore he deserves the minimum particularly where he didn't admit his guilt to you today. We spent the whole day here finding him guilty. That's what we've been doing.

*Thomas I*, at 7, 422 S.W.3d at 221.

Importantly, in arguing for a reduced sentence, Thomas's attorney pointed Thomas had "fully cooperated" and urged the jury to give Thomas the minimum sentence of ten years, rather than the forty year maximum.  *Trial Tr. at 293-294*. This invited the prosecutor, in his rebuttal argument, to point out to the jury that

Thomas's so-called "cooperation" with law enforcement fell short of him admitting to the jury that he was guilty of the charged offenses. After the prosecutor made those remarks, Thomas's attorney moved for a mistrial on the ground the prosecutor had commented on Thomas's decision not to testify, in violation of his Fifth Amendment rights. The trial court denied the motion for mistrial but admonished the jury: "I'm going to ask you to disregard the statement made by the prosecution when it made the statement to the effect that the defendant did not admit to his guilt. And it is the statement of the defense that is a violation of the rules." *Trial Tr. at 307*.

Thomas's counsel argued, on direct appeal, that the trial court erred in denying his motion for a mistrial. In rejecting this argument, the Arkansas Court of Appeals found that "any prejudice suffered by Thomas by the denial of the motion for mistrial was cured by the admonition" requested by defense counsel and given to the jury. *Thomas I*, at 7-8, 422 S.W.3d at 220-221. The issue was not specifically addressed in *Thomas II*.

Thomas fails to cite any federal law supporting the proposition that such remarks by a prosecutor violate a criminal defendant's Fifth Amendment rights, an essential element necessary to make the claim cognizable in a § 2254 habeas action. Additionally, there is no indication that the Arkansas courts, on either

direct appeal or Rule 37 review, considered the possibility that such statements by the prosecutor violated federal law. *See, e.g.*, *Ford v. Norris*, 364 F.3d 916, 919 (8th Cir. 2004) (denying habeas relief because "no federal challenge to the prosecution's statement" was properly before the court).

This Court's review of federal law confirms that the challenged statement by the prosecutor did not rise to the level of violating Thomas's Fifth Amendment rights. A prosecutor may not directly comment on a defendant's failure to testify. *Griffen v. California*, 380 U.S. 609, 615 (1965). Here, the prosecutor's remarks, at most, were an indirect comment on Thomas not testifying. In *Graham v. Dormire*, 212 F.3d 437, 439 (8th Cir. 2000), the court held that such indirect comments only constitute a constitutional violation "if they manifest the prosecutor's intent to call attention to a defendant's failure to testify or would be naturally and necessarily taken by a jury as a comment on the defendant's failure to testify." In order to warrant habeas corpus relief, such comments "must be so inappropriate as to make the trial fundamentally unfair." *Rousan v. Roper*, 436 F.3d 951, 960 (8th Cir.2006); *see also Harris v. Bowersox*, 184 F.3d 744, 752 (8th Cir.1999). Finally, there must be a "reasonable probability" that the error affected the jury's verdict and that, without the error, the jury's verdict would have been different. *Id*.

Here, the prosecutor's comments were made in *direct response* to arguments by Thomas's counsel, who *invited* the prosecutor to make those comments.

*Sheridan v. State*, 313 Ark. 23, 44, 852 S.W.2d 772, 783 (1993) (rejecting direct appeal argument that prosecutor's remark "was an invited comment made in response to the closing argument of defense counsel").   Additionally, the comments were neither:   (1) made intentionally to call attention to Thomas's failure to testify; nor (2) so inappropriate as to render the trial unfair, especially in light of the trial court's admonition to the jury to *ignore* those remarks by the prosecutor.   Finally, Thomas does not argue that these passing comments impacted the jury's sentencing verdict.

For all of these reasons, the Court concludes that Thomas is not entitled to habeas relief on this stand-alone prosecutorial misconduct claim or his related ineffective assistance of counsel claim.

> **(b)   The Prosecutor's Comment on Thomas's Commission of a Second Aggravated Robbery, For Which He Had Not Been Convicted**

Thomas claims that the prosecutor's passing reference to his involvement in a "second aggravated robbery" was prosecutorial misconduct because the charge, although pending, had not been resolved.[14]   *Doc. 2 at 13*.   On direct appeal, Thomas's attorney raised a broad objection to the admission of evidence during the

---

[14]   As indicated earlier, this comment by the prosecutor was also made during rebuttal closing argument, in the *sentencing phase* of Thomas's trial.

sentencing phase, [15] but did not specifically object to the prosecutor's remark about the second aggravated robbery. *Id*. The Arkansas Court of Appeals rejected this argument and held that it was "of no consequence that Thomas has not yet been convicted of the Lake Village robbery." *Thomas I*, at 6, 422 S.W.3d at 220-21 (citing *Brown v. State*, 2010 Ark. 420, at 14, 378 S.W.3d 66, 74) (rejecting argument that trial court erred in admitting evidence of an alleged sexual assault that occurred thirty-four years prior and for which he was never charged or convicted; holding that evidence of prior assault in Brown's sentencing for his sexual-assault conviction was relevant and its admission was not an abuse of discretion)).

Thomas does not assert a federal constitutional basis for his challenge to the prosecutor's reference to his pending aggravated robbery charge in Chicot County, and this Court is unaware of any law that would make that claim cognizable in a § 2254 habeas action. Rather, this claim relates solely to an alleged error of *state law* which cannot provide a basis for federal habeas relief. *Estelle v. Mc*Guire, 502 U.S. 62, 67 (1991) ("federal habeas relief does not lie for errors of state law.") Additionally, the particular issue relates to a state court evidentiary ruling.

---

[15] Thomas's counsel argued that, during the sentencing phase of his trial, the court erred in allowing testimony from a captain from the Lake Village Police Department who testified about Thomas's involvement in an aggravated robbery that took in Lake Village approximately eight days before Thomas's involvement in the aggravated robbery in Crossett. *Trial Tr.* 254-257. Lake Village is in Chicot County, which is contiguous to Ashley County.

*Middleton v. Roper*, 498 F.3d 812, 820 (8th Cir. 2007) (claim of error not cognizable when petitioner challenged admission of evidence because no constitutional violation).   Finally, in light of the admitted and unchallenged evidence that Thomas participated in the Lake Village robbery, it is impossible to see how Thomas could have suffered any prejudice due to the prosecutor's passing reference to the robbery during his closing argument.[16]

### 4.   Thomas's Ineffective Assistance of Counsel Claim Based On "Cumulative Error"

Finally, Thomas argues that the cumulative effect of the preceding errors deprived him of his due process rights under the Fourteenth Amendment. "*Strickland* does not authorize a cumulative inquiry of counsel's performance." *Shelton v. Mapes*, 821 F.3d 941, 950 (8th Cir. 2016) (omitting other citations); *see also Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006) ("cumulative error does not call for habeas relief, as each habeas claim must stand or fall on its own") (citing cases).

Accordingly, Thomas's final ineffective assistance of counsel claim, based on "cumulative error," is without merit.

---

[16]   According to the Arkansas Department of Correction website, Thomas was later convicted of aggravated robbery in connection with the charges in Chicot County.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Petitioner Eugene Thomas, III's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 2*, be DENIED with prejudice; and

2.     A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 26th day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE